WCH:ed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20202-CR-MARTINEZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAUL RODRIGUEZ,

    Defendant.

_____/

## PRELIMINARY ORDER OF FORFEITURE AS TO $45,000.00

THIS CAUSE is before the Court upon motion of the United States for entry of a preliminary order of forfeiture. Being fully advised in the premises and based on the motion of the United States and the record in this matter and for good cause shown thereby, the Court finds as follows with respect to forfeiture in this action as to defendant RAUL RODRIGUEZ (hereinafter referred to as "defendant"):

    1.    In the Indictment in the above-styled case the government sought forfeiture of all property pursuant to 18 U.S.C. § 982(a)(1) and 18 U.S.C. § 982(a)(1) including a residence located at 4862 SW 173rd Avenue, Miramar, Florida as a substitute asset.

    2.    On May 25, 2007, defendant entered a plea of guilty to Count 1, 13, 30 and 39 of the Indictment and the violation of 18 U.S.C. §§ 1347, 1349, 1956 (a)(1)(B)(I), 1956(h), 1957, 1503(a), 1512(b) and 371 and agreed to forfeit all of his right, title and interest in the assets listed in the Indictment as property involved in or traceable to such violation(s) to the United States with the exception of the residence located at 4862 SW 173rd Avenue, Miramar, Florida.

3. Following the issuance of the Preliminary Order of Forfeiture, the parties resolved their disagreement over the property located at 4862 SW 173rd Avenue, Miramar, Florida and entered into an Agreement As To Forfeiture in which the defendant agreed to pay to the United States $45,000.00 in lieu of the government seeking forfeiture of his interest in the property. See DE# 271, Agreement As To Forfeiture.

Therefore, in consideration of the Settlement Agreement between the defendant and the United States, and upon motion of the United States and for good cause shown thereby, it is hereby:

ORDERED that

1. All right, title and interest of defendant RAUL RODRIGUEZ in the following property is hereby forfeited to the United States of America pursuant to 18 U.S.C. § 982(a)(1) and 18 U.S.C. § 982(a)(1):

**$45,000.00 in United States currency**.

2. The United States Marshals Service, or any duly authorized law enforcement official, may seize and take custody of the property identified herein above as forfeited under this order pursuant to 21 U.S.C. § 853(g).[1]

3. The United States shall cause to be published at least once, in a newspaper of general circulation, notice of this Order as required by 21 U.S.C. § 853(n)(6). The United States shall state in the notice that any person, other than the defendant, having or claiming a legal interest in the property ordered forfeited by this order must file a petition with the Court within thirty (30) days of the final publication of the notice or receipt of actual notice, whichever is earlier; that the notice that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the

---

[1] The procedures of 21 U.S.C. § 853, except for subsection (d), are incorporated by 18 U.S.C. § 982(b)(1).

property, the petition shall be signed by the petitioner under penalty of perjury, shall set forth the nature and extent of the petitioner's right, title and interest in the forfeited property and shall set forth any additional facts supporting the petitioner's claim and the relief sought.

4. The United States shall provide, to the extent practicable, direct written notice to any person known to have an alleged interest in the property that is subject of the Order of Forfeiture, in addition to the published notice.

It is further ORDERED that upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) in which all interests will be addressed. If no claims are filed within 30 days of the final publication or receipt of actual notice, whichever is earlier, then, pursuant to 21 U.S.C. § 853(n)(7), this Order shall be deemed a final order of forfeiture, and the United States Marshals Service, or any duly authorized law enforcement official, may dispose of the property forfeited hereunder according to law.

DONE AND ORDERED at Miami, Florida this 21 day of November 2007.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: AUSA William Healy (4 certified copies)

Counsels of Record